UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL BROTHER SRL, | No. 2:25-cv-02319-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| TUSHAR POPAT, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Alternative Service and Motion for Attorneys' Fees and Costs.  Plaintiff seeks an order for authorization of service by email on Defendant under Federal Rules of Civil Procedure 4(d), 4(e) and California Code of Civil Procedure § 413.30; an extension of time for service upon a showing of good cause under Federal Rule of Civil Procedure 4(m); and an award of attorneys' fees and costs pursuant to the Court's inherent authority.  For the reasons discussed below the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motions.

**BACKGROUND**

Plaintiff Global Brother SRL, a Romanian-based publisher, filed the instant action in this Court on August 13, 2025, against Defendant Tushar Popat d/b/a/ zeebelle.com.  (Compl. (ECF No. 1) ¶¶ 8,9.)  Plaintiff brings a civil action for copyright

1  infringement and related claims against Defendant for allegedly engaging in the
2  unauthorized dissemination of Plaintiff's works through various online platforms and
3  other means. (*Id.* ¶¶ 1,2.) Plaintiff seeks injunctive relief, statutory damages, actual
4  damages, and attorneys' fees. (*Id.* ¶ 2.)
5        A few days after filing suit, Defendant contacted Plaintiff via email and
6  requested service be delayed by fourteen days, in an apparent attempt to resolve the
7  dispute. (Mot. Alt. Service (ECF No. 4) at 2 citing DeFrancesco Decl. (ECF No. 4-2)
8  ¶ 1a; Ex. 1.) Plaintiff deferred service accordingly. (*Id.*) After subsequent email
9  exchanges, Plaintiff sent Defendant an executed Waiver of Service form via email but
10 left the date line blank pending Defendant's return signature. (*Id.*; DeFrancesco Decl.
11 ¶ 1a.) Defendant did not respond, sign or object. (Mot. Alt. Service at 2.) Plaintiff
12 renewed the waiver request by email. (*Id.*) Without any response still, Plaintiff used a
13 process server, who reported that the address provided by Defendant in his DMCA
14 Counter-Notice was invalid. (*Id.*)
15       At some point, Defendant retained counsel, who directed all communications
16 to his office. (*Id.* citing DeFrancesco Decl. ¶ 2; Ex. 3.) On October 25, 2025, Plaintiff
17 emailed counsel with the prior waiver request, and asked Defendant's counsel to have
18 it signed and returned. (Mot. Alt. Service at 2.) Plaintiff also informed Defendant's
19 counsel that the address provided by Defendant in the DMCA Counter-Notice was
20 incorrect. (*Id.*; DeFrancesco Decl. ¶ 2a.) This effort was repeated on October 26th,
21 27th, and 29th. (Mot. Alt. Service at 2.) Plaintiff contends that Defendant's counsel
22 ignored each attempt. (*Id.*) On October 30, 2025, Plaintiff attempted personal service
23 against at the address listed on the Counter-Notice, to confirm its inaccuracy. (*Id.* at
24 3.)
25       Plaintiff has since filed the instant Motion seeking an order (1) authorizing
26 service by email on Defendant pursuant to Federal Rules of Civil Procedure 4(d), 4(e)
27 and California Code of Civil Procedure § 413.30; (2) extending time for service upon a
28

showing of good cause under Federal Rule of Civil Procedure 4(m); and (3) awarding attorneys' fees and costs thereto pursuant to the Court's inherent authority.

## MOTION FOR ALTERNATIVE SERVICE

### I. Legal Standard

Federal Rule of Civil Procedure 4(e)(1) provides that a plaintiff may serve an individual using any method permitted by the law of the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).  California law permits five basic methods of service: (1) personal delivery; (2) delivery to someone else at the party's usual residence or place of business with mailing (known as "substitute service"); (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication.  Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.40, 415.50.

### II. Discussion

Plaintiff argues that the Court should allow for the use of non-traditional means, specifically email, to serve Defendant.  Plaintiff points to several attempts to effectuate a waiver of service on Defendant's counsel and attempts at personal service to an "invalid" address provided by Plaintiff.

Under California Code of Civil Procedure § 413.30,

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.

Although the Court recognizes Plaintiff's frustration with attempts to serve Defendant, the Court finds that section 413.30 is not appropriately invoked at this time.  Notably, section 413.30 states that it applies "[w]here no provision is made in this chapter or

other law for the service of summons."[1] "Because California law does have provisions for service in the circumstances [Plaintiff] allegedly faces, and [Plaintiff] has not taken advantage of those other service methods, section 413.30 is not applicable." *Oh My Green, Inc. v. Cuffe,* No. 19-cv-25097-PAP (VCX), 2020 WL 3213715, at *2 (C.D. Cal. Mar. 20, 2020).

With that said, the Court also recognizes that Defendant here is alleged to conduct business electronically, relies on his email as his principal channel of communication and has already received actual knowledge of this lawsuit through prior correspondence with Plaintiff and through Defendant counsel's communications. (Mot. Alt. Service at 2, 5; Compl. ¶¶ 10, 14, 18–20.)  Several courts have approved forms of electronic service as reasonably calculated to give actual notice to the party to be served.  *See Dellone v. Coinbase, Inc.,* No. 1:23-cv-01408-ADA-HBK, 2023 WL 8646925, at *2 (E.D. Cal. Dec. 14, 2023) (collecting cases); *see also Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1017–18 (9th Cir. 2002) (discussing Federal Rule of Civil Procedure 4(f) and that the facts of the case demonstrated that that service of process by email was "reasonably calculated to provide. . .notice.").  Further, the California Code of Civil Procedure allows electronic service in certain circumstances, *see* Cal. Civ. Proc. Code § 1010.6, and the California Supreme Court's has instructed that "[i]f a defendant's address is ascertainable, a method of service superior to publication must be employed, because constitutional principles of due process of law, as well as the authorizing statute, require that service by publication be utilized only as a last resort." *Watts v. Crawford,* 10 Cal.4th 743, 749 n.5 (1995).

////

////

////

---

[1] Plaintiff's citation to *Commodity Futures Trading Comm'n v. Ooki DAO,* No. 3:22-cv-05416-WHO, 2022 WL 17822445, at *9–10 (N.D. Cal. Dec. 20, 2022) is not inapposite.  There, the court applied section 413.30 after determining that other provisions of California law did not apply.

Accordingly, Plaintiff is permitted to serve Defendant personally, or through substitute service consistent with the California Code of Civil Procedure along with documented service to Defendant via email, and a copy to Defendant's counsel.

### MOTION FOR EXTENTION OF TIME FOR SERVICE

Under Federal Rule of Civil Procedure 4(m), the court must "dismiss the action without prejudice" against a defendant who is not served within 90 days after the complaint is filed or order that service be made within a specified time. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, Plaintiff seeks an extension of time to serve Defendant given Defendant's incorrect physical address and Defendant counsel's failure to accept or return executed waivers of service or correct any error. The Court is satisfied that good cause has been established and GRANTS Plaintiff another 90 days to effectuate service on Defendant.

### CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff serves Defendant via the above-listed methods and provide proof of service with the Court.
2. Plaintiff is granted 90 days from the date of this order to effectuate proper service.
3. Plaintiff's request for attorneys' fees is denied without prejudice to renewal once Defendant appears in this action.
4. The hearing set on this matter for December 11, 2025, at 1:30 p.m. is VACATED.

IT IS SO ORDERED.

Dated:   **December 8, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE